[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court, after hearing, on plaintiffs request for a preliminary injunction which alleges that all of the named defendants have unlawfully denied him access to his class and privileges at Three Rivers Community Technical College.
The plaintiff, Daniel J. Golodner, is a student at Three Rivers Community Technical College (Three Rivers).
On September 30, 1998, he was involved in an altercation with CT Page 27 another student, Michael Martel. The testimony revealed that Martel was struck by the plaintiff. Martel reported the incident to the Three Rivers' Administration.
On October 1, 1998, the plaintiff was called to the office of Carol Kaszubski, Interim Dean of Students. The plaintiff was handed a letter dated October 1, 1998, which letter informed him that he was immediately suspended from all classes and privileges at Three Rivers. The letter stated:
October 1, 1998
 Daniel J. Golodner P.O. Box 1910 Groton, CT 06340
Dear Mr. Golodner:
 I am writing to you to inform you that you are immediately suspended from all classes and privileges at Three Rivers CTC until further notice. This action is being taken as a result of you conduct on Wednesday, September 30, 1998 which violated the College's Proscribed Conduct, Item 2 of Section 2 of the Student Discipline Policy of the Board of Trustees of CTC.
 Specifically, you intentionally cause injury to a member of the college community on the Thames Valley Campus. This incident is considered an emergency situation under which your continued presence poses a danger to persons or property or constitutes an on-going threat of disrupting the academic process as stated Section 3: Discipline Procedures: item #6.
 As specified under the College's Disciplinary Procedures, we are in the process of conducting a formal investigation of this incident. As part of this investigation you are entitled to a formal hearing as soon as possible, but in no event longer than ten days from the date of this letter. Please refer to Section 3: Discipline Procedures: Item #7.
 The complete policy of Student Rights and Discipline can be found in the Three Rivers CTC Student Handbook, pages 33-38.
If you wish to request a hearing, please call my office on or before Monday, October 5, 1998. CT Page 28
 Sincerely yours, Carol Kaszubski, Interim Dean of Students
The plaintiff was not afforded a hearing prior to the suspension on October 1, 1998. Section 3, Discipline Procedures: Item #6 (p. 36) of the Student Handbook allows the school to suspend summarily in case of an emergency. It defines emergency as ". . . a situation under which the continued presence of the student poses a danger to persons or property or constitutes an ongoing threat of disrupting the academic process."
Dean Kaszubski testified that she made an informal investigation of the allegations and found that the incident was of such a critical nature that it mandated that "emergency" provisions be invoked.
On October 5, 1998, the plaintiff requested a formal hearing and by letter dated October 8, 1998 (Defendant's Exhibit #1), plaintiff was informed that a hearing would take place on October 9, 1998.
A hearing was held pursuant to the Defendant's Exhibit #1.
On October 13, 1998, Dean Kaszubski, by letter, informed the plaintiff of the hearing panels findings and recommendations and her acceptance of the recommendations.
The pertinent provisions of the letter are as follows:
October 1, 1998
 Daniel J. Golodner P.O. Box 1910 Groton, CT 06340
Dear Mr. Golodner:
I am writing to you to inform you that you are immediately suspended from all classes and privileges at Three Rivers CTC until further notice. This action is being taken as a result of you conduct on Wednesday, September 30, 1998 which violated the College's Proscribed Conduct, Item 2 of Section 2 of the Student Discipline Policy of the Board of Trustees of CTC. CT Page 29
 Specifically, you intentionally cause injury to a member of the college community on the Thames Valley Campus. This incident is considered an emergency situation under which your continued presence poses a danger to persons or property or constitutes an on-going threat of disrupting the academic process as stated Section 3:
Discipline Procedures: item #6.
 As specified under the College's Disciplinary Procedures, we are in the process of conducting a formal investigation of this incident. As part of this investigation you are entitled to a formal hearing as soon as possible, but in no event longer than ten days from the date of this letter. Please refer to Section 3: Discipline Procedures: Item #7.
 The complete policy of Student Rights and Discipline can be found in the Three Rivers CTC Student Handbook, pages 33-38.
 If you wish to request a hearing, please call my office on or before Monday, October 5, 1998.
 Sincerely yours, Carol Kaszubski, Interim Dean of Students
The plaintiff asked for a review of the school's president, Booker T. DeVaugn. By letter dated October 22, 1998 (Defendant's Exhibit #7), President DeVaugn upheld the findings and recommendations of the hearing panel.
The plaintiff now seeks a preliminary injunction prohibiting the defendants I from denying him access to his classes and college privileges.
The plaintiff's claims for relief are many. In essence, he claims that the schools "emergency" suspension without hearing violated his rights under the fourteenth amendment of the United States Constitution. Further, he claims that he was not provided with a concise statement of the facts upon which the charges were based nor was he given a statement of the maximum penalty sought or given a citation of the rules or rules which he allegedly violated.
He further claims that he was denied the right to have his CT Page 30 own legal counsel present and that there was no impartial investigation provided to hear the charges against him.
"A preliminary injunction is to preserve the status quo until, upon final hearing, the court may grant full relief."Stamford v. Kovac, 228 Conn. 95, 101, 654 A.2d 897 (1993). The granting of a temporary injunction is within the court's discretion; Wight v. Lasaracina, 8 Conn. L. Rptr. 174, 175 (January 5, 1993, Teller, j.) quoting, Scoville v. Ronalter,162 Conn. 67, 74, 291 A.2d 222 (1971); however, the plaintiff must show: (1) that he is likely to succeed on the merits of his claim; (2) that without the injunction he will sustain irreparable injury; (3) that the remedy at law is inadequate; and (4) that a balancing of the equities tilts in the plaintiffs favor. See Waterbury Teacher Association v. Freedom ofInformation Commission, 230 Conn. 441, 446, 645 A.2d 978 (1994);Griffin Hospital v. Commission on Hospitals Health Care,196 Conn. 451, 456-57, 493 A.2d 229 (1985); see also Baron Consultingv. Complete Environmental Testing, Superior Court, Judicial District of New haven at Meriden, Docket No. 245421 (August 24, 1994, Dorsey, S.T.R.); Rosinka Joint Venture v. Williams,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132624 (March 14, 1994, Lewis, I.); Town ofWestport v. 157 Easton Road, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 308031 (March 11, 1994,Vertefeuille, J.); City of New London v. University ofConnecticut, Superior Court, Judicial District of New London at New London, Docket No. 529199 (February 24, 1994, Teller, J.);Kwiatkoski v. Johnson, 10 Conn. L. Rptr. 311 (October 27, 1993,Vertefeuille, J.).
The defendants do not allege that the plaintiff has failed to exhaust his administrative appeal. Hence, the court has jurisdiction to hear the request for injunctive relief.
To begin it is axiomatic that the due process clause of the United States Constitution forbids arbitrary deprivation of liberty: Any student that faces temporary or permanent suspension from a public institution has a property and liberty interest at stake.
A students interest in pursuing an education is included within the fourteenth amendment of liberty and property. SeeGross v. Lopez, 419 U.S. 574-575 95 S.Ct. 729, 736 (1975). hence, CT Page 31 a student facing suspension from a public educational institution is entitled to the protection of due process. Due process, however, only requires that the student be given a fair hearing in which he is apprised of the charges against him and is permitted a defense. The hearing afforded may be, and are usually, informal. It must also be remembered that due process is a flexible standard which varies depending upon the nature of the interest affected. Therefore, the procedures employed in disciplinary matters must be tested to the extent that they comport with the requirements of fundamental fairness. The traditional common law adversarial method need not be followed as long as the individual has had an opportunity to answer, explain and defend.
Certainly, in this court's view, such an opportunity was afforded to the plaintiff. The fact that the plaintiff did not have legal counsel at the hearing did not deprive the student of his constitutional rights to retain counsel.
The trial court has discretion to grant or deny a preliminary injunction, and this discretion must be measured by several factors: whether plaintiffs remedies of law are inadequate, thus causing irreparable harm pending resolution of substantive action if injunction does not issue; whether plaintiff has demonstrated at least a reasonable likelihood of success at trial; whether threatened injury to plaintiff outweighs the threatened harm that granting injunction may inflict on defendants; and, finally, by granting the injunction, would public interest be disserved.
The court, in reviewing the record presented a the hearing, concludes that due process was followed and that the plaintiff has failed to demonstrate to the court that there is a reasonable likelihood of success in future proceedings.
Because the plaintiff has failed to establish a reasonable likelihood of success at trial, the court hereby denies the request for a preliminary injunction.
Mihalakos, J.